FILED'09 JUL 31 10:54USDC-ORP

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

GEOFFREY ALLEN CLARINE,                                   CV. 08-890-MA

        Petitioner,                                    OPINION AND ORDER

  v.

J.E. THOMAS, Warden, FCI
Sheridan,

        Respondent.

STEPHEN SADY
Chief Deputy Federal Defender
101 S.W. Main Street, Suite 1700
Portland, OR 97204

    Attorney for Petitioner

KENT S. ROBINSON
Acting United States Attorney
District of Oregon
SUZANNE A. BRATIS
Assistant United States Attorney
United States Attorney's Office
1000 S.W. Third Avenue, Suite 600
Portland, Oregon 97204

    Attorneys for Respondent

MARSH, Judge

    Respondent J.E. Thomas moves the court to dismiss the petition for writ of habeas corpus filed by petitioner under 28 U.S.C.

1 - OPINION AND ORDER

§ 2241. Petitioner Geoffrey Allen Clarine is one of several inmates who filed petitions seeking habeas corpus relief challenging the Bureau of Prisons' (BOP's) policies concerning inmate placement in residential reentry centers (RRCs).[1] Respondent contends that because petitioner has been transferred to an RRC, there is no additional relief available and his case is now moot. For the reasons that follow, respondent's motion to dismiss is GRANTED, petitioner's petition for writ of habeas corpus is DENIED and this proceeding is DISMISSED.

## BACKGROUND

Petitioner was sentenced on April 10, 2003 to a 96-month term of imprisonment, followed by five years supervised release for Use/Brandishing a Firearm During and in Relation to a Drug Trafficking Crime. Petitioner has a projected release date of August 30, 2009, via good time credits.

Petitioner filed a petition for writ of habeas corpus on July 25, 2008. His petition challenges the BOP's refusal to consider

---

[1] The sixteen other related cases before me include: Sass v. Thomas, 08-300-MA; Calloway v. Thomas, 08-544-MA; Pierce v. Thomas, 08-705; Laney v. Thomas, 08-583-MA; Stone v. Thomas, 08-496-MA; Murray v. Thomas, 08-527-MA; Sherman v. Thomas, 08-438-MA; Sonobe v. Thomas, 08-560-MA; Beaman v. Thomas, 08-492-MA; Sacora v. Thomas, 08-578-MA; Fuentes v. Thomas, 08-830-MA; Moore v. Thomas, 08-810-MA; Whitfield v. Thomas, 08-310-MA; Limani v. Thomas, 08-270-MA; Close v. Thomas, 08-261-MA, and Badger v. Thomas, 08-1324-MA. See also McGee v. Thomas, 09-455-MA (decided July 23, 2009)(McGee Docket Entry #14)(not represented by the Federal Public Defender).

2 - OPINION AND ORDER

placing him in an RRC for twelve months and sought immediate consideration for a longer placement in an RRC.

On March 4, 2009, petitioner was transferred to an RRC. On April 16, 2009, respondent filed the current motion to dismiss.

## DISCUSSION

Article III of the United States Constitution limits the federal courts to deciding "cases" and "controversies." U.S. Const. art. III; Allen v. Wright, 468 U.S. 737, 750 (1984). Mootness is a threshold jurisdictional issue. Burnett v. Lampert, 432 F.3d 996, 999 (9th Cir. 2005); Qureshi v. Sanders, 563 F.Supp.2d 1154, 1156 (C.D. Cal. 2008). "This means that, throughout the litigation, the [petitioner] must have suffered, or be threatened with an actual injury traceable to the [respondent] and likely to be redressed by a favorable judicial decision." Spencer v. Kemna, 523 U.S. 1, 7 (1998)(internal quotations omitted). Thus, if events transpire during the litigation that render the court unable to grant the requested relief, the case becomes moot, and the court is without jurisdiction to hear the case. Calderon v. Moore, 518 U.S. 149, 150 (1996).

Petitioner was transferred to an RRC on March 4, 2009, and petitioner is scheduled to be released from custody on August 30, 2009. Accordingly, petitioner's claims under § 3624(c) are now moot because there is no effective relief that this court can provide. Calderon, 518 U.S. at 150; Miller v. Whitehead, 527 F.3d

3 - OPINION AND ORDER

752, 757 (8th Cir. 2008)(determining that claims by inmates who had been transferred to an RRC subsequent to filing appeal were moot because the relief they sought had been granted); Qureshi, 563 F.Supp.2d at 1157 (claim by inmate seeking RRC placement moot because released from custody); Rumbaugh v. Dewalt, 2009 WL 704285 (E.D. Ky. March 16, 2009)(same). See also Tanner v. Deboo, 2009 WL 1026027 (E.D. Cal. Apr. 15, 2009), adopted in full, 2009 WL 1459040 (May 26, 2009)(inmate's case moot where he received all the relief court could grant-RRC consideration under §§ 3621(b) and 3624(c)).

In so holding, I recognize that the Ninth Circuit has held repeatedly that an inmate's placement on supervised release during the pendency of litigation does not necessarily moot an action. E.g., Gunderson v. Hood, 268 F.3d 1149, 1153 (9th Cir. 2001)(challenging denial of admission into early release drug and alcohol program); Mujahid v. Daniels, 413 F.3d 991, 994-96 (9th Cir. 2005), cert. denied, 547 U.S. 1149 (2006)(challenging denial of good time credits); Serrato v. Clark, 486 F.3d 560, 565 (9th Cir. 2007)(challenging termination of boot camp program that reduced sentences up to six months).

For example, in Mujahid, the inmate challenged the BOP's calculation of good time credits and was placed on supervised release during the pendency of his litigation. Although the Ninth Circuit recognized that it could not grant relief in the form of a reduction in the term of his sentence or supervised release, it

4 - OPINION AND ORDER

held that the case was not moot because the "possibility" of relief remained available in the form of a reduction in Mujahid's term of supervised relief in a separate action before the sentencing court under 18 U.S.C. § 3583(e)(2).

However, the reasoning in Mujahid is not applicable to this case because petitioner is not challenging the *length* of his incarceration, nor has he suffered "over-incarceration." Consequently, I find the reasoned analysis of Demis v. Sniezek, 558 F.3d 508 (6th Cir. 2009) persuasive. In Demis, the petitioner inmate sought habeas relief due to the BOP's refusal to consider his transfer to an RRC. While his case was pending at the district court, he was transferred to an RRC. While his case was on appeal, the petitioner was released from custody. Demis, 558 F.3d at 511. The Demis court concluded that because no actual injury remained for the court to redress, it was unable to grant any relief and dismissed his appeal. In so doing, it distinguished Mujahid:

> While shortening the term of supervised release may well be appropriate for a petitioner who challenges the *length* of his sentence, such relief does not address the particular injuries Demis complains of here. Indeed, now that he is no longer incarcerated or in a CCC, shortening the period of his supervised release will not restore Demis' alleged foregone "opportunities to transition into the community."

Id. at 515 (internal citations and quotations omitted).

Petitioner's contention that his case is not moot because there is a "possibility" for a shortened supervised release term is

5 - OPINION AND ORDER

unconvincing. Petitioner argues that he has been in custody longer than necessary, in that he received community placement for only five and a half months instead of twelve. However, petitioner's position misses the critical distinction between pre-release RRC time and an actual sentence reduction. As the Supreme Court has observed, supervised release and incarceration serve distinct purposes. United States v. Johnson, 529 U.S. 53, 59 (2000). Because an RRC constitutes incarceration, the length of petitioner's time in community confinement does not impact the length of petitioner's incarceration whatsoever. See Rodriguez v. Smith, 541 F.3d 1180, 1185 n.5 (9th Cir. 2008)(noting that the BOP recognizes RRCs as available facilities for confinement).

Indeed, petitioner will be released in accordance with the sentencing court's recommendation. Nothing in language of 18 U.S.C. § 3624(c) regarding RRC placements can be interpreted to infer a sentence reduction. Compare 18 U.S.C. § 3621(e)(2)(B) (providing a *sentence* reduction by up to one year for successful completion of a residential substance abuse treatment program). Thus, in the absence of an "over-incarceration" as was present in Muajhid, Gunderson, and Serrato, and because the reduction in supervised release is not a proper remedy here, I conclude that petitioner's claims are moot.

Petitioner has not alleged any ongoing collateral consequences that have resulted from the challenged BOP policies, nor does the court discern any. Demis, 558 F.3d at 516.

There is an exception to mootness, known as the "capable of repetition, yet evading review" exception. For this doctrine to apply, petitioner must demonstrate two elements: "'(1) the challenged action was in its duration too short to be fully litigated prior to its cessation or expiration, and (2) there was a reasonable expectation that the *same complaining party* would be subjected to the same action again.'" Murphy v. Hunt, 455 U.S. 478, 482 (1982), quoting Weinstein v. Bradford, 423 U.S. 147, 149 (1975)(emphasis added); Cox v. McCarthy, 829 F.2d 800, 803 (9th Cir. 1987). Accord Burnett, 432 F.3d at 999. This exception to mootness is inapplicable here because it does not appear that petitioner is likely to be subject to the BOP's RRC policies again. Demis, 558 F.3d at 516; Qureshi, 563 F.Supp.2d at 1157. Courts have been reluctant to find a reasonable probability of repetition where the action will be repeated based on the petitioner's own wrongdoing. Reimers v. State of Oregon, 863 F.2d 630, 632 (9th Cir. 1988); Cox, 829 F.2d at 804 n.3; Hirakawa v. Thomas, 2009 WL 564701 (D. Hawaii, March 5, 2009).

///

///

///

7 - OPINION AND ORDER

## CONCLUSION

Based on the foregoing, respondent's motion to dismiss (#20) is GRANTED, and petitioner's petition for writ of habeas corpus (#1) is DENIED and this proceeding is DISMISSED with prejudice.

IT IS SO ORDERED.

DATED this 31 day of July, 2009.

*Malcolm F. Marsh*
Malcolm F. Marsh
United States District Judge

8 - OPINION AND ORDER